**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING**

**CHRISTINA LUCAS and AUGUST
"BOB" ULLUM, II, individually and on
behalf of all others similarly situated,**

                **Plaintiffs,**

v.                                          **Civil Action No. _____**

**ALECTO HEALTHCARE SERVICES, LLC, and
ALECTO HEALTHCARE SERVICES WHEELING,
LLC,**

                **Defendants.**

## COMPLAINT

This action arises out of a violation of the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. § 2101 *et seq*. Defendants closed the Ohio Valley Medical Center facility and laid off the workers who were employed at that site of employment, but failed to provide workers with the notice required by the WARN Act. As a result of Defendants' willful disregard of its statutory obligations to their employees, workers were blindsided by the widespread job loss and individuals, as well as the community, suffered as a result.

Plaintiffs bring this action individually, as well as on behalf of employees of the Defendants who are similarly situated, for statutory damages, costs, and fees, pursuant to 29 U.S.C. § 2101 *et seq*.

### Jurisdiction and Venue

1. This Court has original federal question jurisdiction based on 28 U.S.C. § 1331 as well as 29 U.S.C. § 2101 *et seq*.

2. Venue is this District is proper pursuant to 28 U.S.C. § 1391(b) and Section 2104 of the WARN Act, 29 U.S.C § 2104(a)(5), because Defendants do business in this District and the acts constituting the violation of the WARN Act occurred in this district.

## Parties

3. Plaintiff, August "Bob" Ullum, was a full-time employee of Defendant. Plaintiff was employed as a physical therapist, when he was laid off following the closure of the Ohio Valley Medical Center. Plaintiff Ullum resides in Moundville, West Virginia

4. Plaintiff, Christina Lucas, was a full-time employee of Defendant. Plaintiff was employed as an emergency room technician, when she was laid off following the closure of the Ohio Valley Medical Center. Plaintiff Lucas resides in Bridgeport, Ohio.

5. Defendant Alecto Healthcare Services, LLC, is an out-of-state corporation headquartered in Irving, California. Defendant Alecto Healthcare Services, LLC, is the parent company of Defendant Alecto Healthcare Services Wheeling, LLC.

## Statement of Facts

6. According to Defendants, Ohio Valley Medical Center [hereinafter "OVMC"] "is a 218-bed acute care hospital with a full-service emergency department, medical/surgical services, and the Upper Ohio Valley's only inpatient psychiatric services for adults, adolescents, and children."

7. OVMC was founded in 1890 in Wheeling, West Virginia, and has provided medical care to the community from that time until its abrupt closure in September 2019.

8. At the time of OVMC's closure, Defendants were one of the top thirty largest private employers in the state of West Virginia. Prior to its closure in September 2019, OVMC employed more than 750 employees. More than 100 of these employees were full time.

### *Defendants Considers Closing OVMC, but Fails to Provide Notice to Employees*

9. On July 15, 2019, Defendants met with West Virginia Secretary of Health and Human Resources Bill Crouch "to explain the extreme distress that both OVMC and [East Ohio Regional Hospital] were under… and the very real possibility that OVMC and/or EORH could close in the coming weeks."

10. Despite the foreseeability of the closure of OVMC, and the actual knowledge that closure was likely, Defendants did not provide the notices to local government entities or to employees as required by the WARN Act.

11. OVMC ultimately did close, laying off its workforce, on September 3, 2019.

### *Defendants Provide Workers with Deficient and Untimely Notices*

12. On August 8, 2019, Defendants provided their employees with a notice of the impending closure of OVMC. The notice provided to employees indicated that approximately 736 positions would be eliminated and that the hospital would close on October 7, 2019.

13. Despite Defendants' representation to employees in WARN notices that the hospital would close, and layoffs would occur, at least sixty days after notice was provided, a number of employees were terminated significantly before that time.

14. For example, on information and belief, individuals employed in some departments were laid off the week following the notice, and were not employed at OVMC from that point onward.

15. As a result of these staggered layoffs, all of which happened within a thirty day period, many employees were laid off far before the date provided by Defendants in the deficient WARN notices.

16. On Tuesday September 3, 2019, Defendants announced that the hospital would be closed and all services suspended at 11:59 p.m. on Wednesday September 4, 2019.

17. The vast majority of employees at OVMC have not worked for Defendants since September 5, 2019.

18. Following the closure of the hospital, employees experienced an involuntary, continuous, and ongoing employment loss for a period of at least six months.

19. As a result of this early closing, employees received a maximum of 26 days' notice of the mass layoff, blindsiding both individual employees and the community.

### *Plaintiff Ullum*

20. Plaintiff Robert Ullum, like all members of the putative class, was an employee of Defendant. Plaintiff Ullum became a full time employee of Defendants in 2014, and had been based out of the Ohio Valley Medical Center since approximately June 2019.

21. Plaintiff Ullum was employed as a physical therapist. This job required that he both see a full caseload of patients, as well as managing the physical therapy clinics operated by Defendants.

22. On August 8, 2019, Plaintiff Ullum, like all members of the putative class, received the deficient WARN notice from Defendants.

23. Following Defendants' closure of OVMC on September 3, 2019, Plaintiff Ullum experienced an involuntary, continuous, and ongoing employment loss for a period of at least six months.

### *Plaintiff Lucas*

24. Plaintiff Lucas, like all members of the putative class, was an employee of Defendants. Plaintiff Lucas became a full time employee of Defendants in 2009.

25. Plaintiff Lucas was employed as an Emergency Room Technician. This job required that Plaintiff Lucas help manage incoming patients and visitors in Ohio Valley Medical Center's Emergency Room.

26. On August 8, 2019, Plaintiff Lucas, like all members of the putative class, received the deficient WARN notice from Defendants.

27. Following Defendants' closure of OVMC on September 3, 2019, Plaintiff Lucas experienced an involuntary, continuous, and ongoing employment loss for a period of at least six months.

### Class Action Allegations

28. <u>Class Definition</u>: Plaintiffs bring this action on behalf of themselves and all other similarly situated employees. Plaintiffs seek to represent a class initially defined as: "All employees of Defendants at Ohio Valley Medical Center who suffered an employment loss within thirty (30) days of September 3, 2019, without sixty (60) days advance notice as required by the WARN Act."

29. <u>Numerosity and Class Size</u>**:** The proposed class contains in excess of seven hundred members, making joinder impracticable. On information and belief, based on the notices provided to employees by the Defendants, there are approximately 736 putative class members.

30. <u>Adequacy</u>: Plaintiff Ullum and Plaintiff Lucas were employees of Defendants who suffered job loss following Defendants' closure of OVMC and failure to comply with the WARN Act. Plaintiffs are committed to pursuing this action for the benefit of the putative class and have retained competent counsel. Given that Plaintiffs are adequate representatives of the class and share in the interests of the class, Plaintiffs will fairly and adequately protect the interests of the putative class.

31. <u>Commonality</u>: There are common questions of law and fact which are common to the class and predominate over any questions affecting only individual class members. Such questions of law and fact include, but are not limited to:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Defendants' closure of OVMC and layoffs of employees at that location on or about September 4, 2019, constitute a "plant closing" and/or "mass layoff" under the WARN Act;

    c. Whether Defendants failed to provide adequate notice as required by the WARN Act;

    d. Whether Defendants can avail themselves of any of the provisions of the WARN Act permitting lesser periods of notice; and

    e. The appropriate formula to measure damages under the WARN Act.

32. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of all members of the class. Plaintiffs were laid off on or about the same date as other members of the class. Plaintiffs, like members of the class, were not provided with sufficient notice as required by the WARN Act

33. <u>Rule 23(b) Requirements</u>: The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent

and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

35. Further, class action treatment of this action is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the WARN Act may sue either on behalf of his or her self, for other persons similarly situated, or both.

## COUNT ONE

**Violations of the Worker Notification and Retraining Act, 29 U.S.C. § 2101 *et seq*.**

36. Plaintiffs incorporate by reference the preceding paragraphs.

37. Prior to Defendants' closing of OVMC in September 2019, Defendants employed 100 or more employees, excluding part-time employees. Defendants additionally employed 100 or more employees who, on information and belief, in the aggregate worked at least 4,000 hours per week exclusive of overtime.

38. At all times relevant hereto, Defendants have been an employer as defined by 29 U.S.C. § 2101(a)(1).

39. At all times relevant hereto, OVMC was a single site of employment as that term is used in 29 U.S.C. § 2101(a)(3).

40. Defendants' September 2019, permanent shutdown of OVMC led to the termination of employment, a layoff exceeding six months, and/or a reduction of hours of work of more than fifty percent during each month of any six month period.

41. This employment loss affected more than 50 employees, excluding any part-time employees.

42. At all times relevant hereto, Defendants were subject to the notice and back pay requirements of the WARN Act.

43. Pursuant to the WARN Act, 29 U.S.C. § 2102 Defendants were required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

44. Defendants willfully violated the WARN Act by failing to provide the required notice.

45. Defendants failed to pay Plaintiffs and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

46. Accordingly, Plaintiffs and class members are entitled to the notice and back pay required by the WARN Act, 29 U.S.C. § 2102, § 2104.

47. Plaintiffs and all similarly situated employees have been damaged by Defendants' conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendants have not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

## **Prayer for Relief**

WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendants and pray for:

(1) an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(2) designation of Plaintiff Ullum and Plaintiff Lucas as the representative of the class, and counsel of record as Class Counsel;

(3) compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

(4) reasonable attorneys' fees, costs, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6); and

(5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiffs hereby request trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

Plaintiffs CHRISTINA LUCAS and AUGUST ULLUM, II,

By counsel,

_/s/Aubrey Sparks_____
Aubrey Sparks (WV Bar ID #13469)
Bren Pomponio (WV Bar ID # 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-3144
Fax: (304) 344-3145

_/s/ F. Alex Risovich_____
F. Alex Risovich
Risovich Law Offices, PLLC
WV Bar ID# 10866
3023 Pennsylvania Avenue
Weirton, WV 26062
Telephone: (304)723-2588
Fax: (304)723-2504