**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT WHEELING**

**CHRISTINA LUCAS and AUGUST**
**"BOB" ULLUM, II, individually and on**
**behalf of all other similarly situated,**

                 **Plaintiffs,**

    **v.**                             **Civil Action No. 5:20-cv-67**
                                         **Judge Bailey**

**ALECTO HEALTHCARE SERVICES LLC, d/b/a**
**ALECTO HEALTHCARE SERVICES WHEELING**
**LLC,**

                 **Defendant.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE CASES AND FOR A STAY PENDING RULING ON CONSOLIDATION**

      Defendants Alecto Healthcare Services Wheeling LLC ("AHS Wheeling") and Alecto Healthcare Services LLC ("Alecto") (collectively, the "Defendants") submit this Memorandum of Law in Support of its Motion to Consolidate Cases and for a Stay Pending Ruling on Consolidation (the "Motion"). In the Motion, the Defendants ask to consolidate this case (the "Lucas Case") with another titled *Keith Reed et al v. Alecto Healthcare Services LLC et al* and designated Civil Action 5:19-cv-263 (the "Reed Case") that is also currently before this Court and Judge, and for a stay pending a ruling. The Reed Case and Lucas Case are substantively identical, as both:

- plead the same WARN Act claim for alleged failure to provide timely notice to employees;

- are predicated the same set of operative facts, specifically the closure of Ohio Valley Medical Center;

- have plaintiffs who were all employees working at Ohio Valley Medical Center;

- purport to bring class actions with similarly defined classes that will encompass the exact same individuals; and

- have been filed against the same two corporate defendants.

Given the common questions of law and fact in these two cases, and that their union would avoid unnecessary cost and delay, consolidation is appropriate under Rule 42 of the Federal Rules of Civil Procedure.[1]

## FACTUAL BACKGROUND

Since June 1, 2017, AHS Wheeling has owned and operated the healthcare facility called Ohio Valley Medical Center ("OVMC") in Wheeling, West Virginia. AHS Wheeling exclusively employed all individuals who worked at OVMC, including the plaintiffs in the Reed Case, the plaintiffs in the Lucas Case, and all of the purported class members in both. AHS Wheeling closed OVMC in 2019. The Reed Case and the Lucas Case bring purported class actions alleging AHS Wheeling and/or Alecto failed to provide AHS Wheeling's employees with timely notices of OVMC's closure pursuant to the WARN Act. Both cases claim Alecto is liable under WARN as either a joint employer or parent company of AHS Wheeling.

## PROCEDURAL BACKGROUND

The Lucas Case was originally filed on April 7, 2020 with an amended complaint filed on April 27, 2020. The named defendants in the Amended Complaint were AHS Wheeling and Alecto, both of whom accepted service of the Amended Complaint via counsel on May 18, 2020 and timely filed responsive pleadings on July 10, 2020. There is no scheduling order in this case.

The Reed Case was filed on September 9, 2019 against AHS Wheeling and Alecto. The Defendants timely filed responsive pleadings on October 31, 2019. The parties have exchanged some written discovery, with several months before the discovery deadline of October 19, 2020. Currently, trial is set for February 23, 2021.

---

[1] The Defendants are contemporaneously filing a motion to consolidate cases and for a stay pending ruling on consolidation in the Reed Case.

<u>LEGAL STANDARD</u>

Rule 42(a) of the Federal Rules of Civil Procedure authorizes a court to consolidate two actions before it. It reads, in pertinent part, "Consolidation. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a). District courts have broad discretion under this Rule to consolidate cases pending in the same district, as the Fourth Circuit has recognized the superiority of the trial court in determining how best to structure similar pieces of litigation. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir.1977); *Am. Nat. Prop. & Cas. Co. v. Clendenen*, No. 1:14CV155, 2014 WL 6851452, at *1 (N.D.W. Va. Dec. 3, 2014).

<u>LEGAL ARGUMENT</u>

I.     <u>Consolidation of the Reed Case and Lucas Case is Proper Under Rule 42(a)</u>

Rule 42(a) of the Federal Rules of Civil Procedure authorizes a court to consolidate two or more actions before it "[i]f actions before the court involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a). The Reed Case and Lucas Case easily satisfy this commonality requirement, as they share significantly similar (if not identical) questions of both law **and** fact.

Turning first to legal questions, both cases allege a single, identical claim: violation of the WARN Act for alleged untimely notice to employees that OVMC would close. *Compare* Reed Complaint ¶¶ 2, 21, 22, 26(e) [attached as Exhibit A] *and* Lucas Amended Complaint ¶¶ 10, 13-17, 19, 31(c) [ECF Doc. No. 4]. Both cases make this claim against the exact same two corporate entities (Alecto and AHS Wheeling), and seek the exact same damages of back pay, benefits, and attorney's fees and costs. *See* Reed Complaint ¶3 [Exhibit A]; Lucas Amended Complaint ¶ 5

3

[ECF Doc. No. 4]. Because the legal claims are identical, they require resolution of identical questions of law, including, but not limited to:

- whether the Defendants are "employers" or a "single employer;"

- whether closure of OVMC constitutes a "plant closure;"

- whether plaintiffs or purported class members constitute "affected employees;"

- whether plaintiffs or purported class members suffered "employment loss;"

- the applicability of the same WARN Act affirmative and other defenses; and/or

- if liability is found, calculation of potential damages under WARN Act.

Importantly, both the Reed Case and Lucas Case purport to bring class actions with substantively identical class definitions:

> All employees who worked at OVMC and were terminated and/or whose hours were reduced by more than 50% on or within 60 days after September 3, 2019 without receiving 60 days written notice. *See* Reed Complaint ¶ 23 [Exhibit A] (emphasis added).

> All employees of Defendants at OVMC who suffered employment loss within 30 days of September 3, 2019 without 60 days advanced notice as required by the WARN Act. *See* Lucas Amended Complaint ¶ 28 [ECF Doc. No. 4] (emphasis added).[2]

Given the significant overlap of these class definitions, the same individuals (including the plaintiffs in each case) would fall into both classes, and the Court would have to decide twice whether to certify the same class.

To resolve these questions of law, the parties in both lawsuits will have to look to common operative facts. Both the Reed Case and Lucas Case make the same factual allegations, including that Alecto is the parent or sole member of AHS Wheeling; all plaintiffs were employees working

---

[2] Note that the Reed Complaint uses the definition of "employment loss" given in 20 CFR § 6393(f) while the Lucas Amended Complaint merely uses the defined term "employment loss." Thus, even those portions of the class definitions are functionally the same, though worded differently.

at OVMC; OVMC closed on or about September 2019; plaintiffs and purported class members did not work at OVMC after September 2019; and plaintiffs and purported class members received a WARN Notice less than 60 days before OVMC closure. *See, e.g.,* Lucas Amended Complaint ¶¶ 3-5, 10, 13-29 [ECF Doc. No. 1]; Reed Complaint ¶¶ 2-3, 8-12, 16-18, 21-22 [Exhibit A]. As explained in more detail below, proving these factual allegations (and providing evidence sufficient to resolve the above questions of law), will require the same discovery, documents, testimony, and witnesses.

Taken together, the Reed Case and Lucas Case share common questions of law and fact— even as cursory review of the Complaint in the Reed Case and the Amended Complaint in the Lucas Case reveals significant, if not total, overlap of legal and factual issues. *See Swiger v. Bayer Cropscience, LP*, No. 2:15-CV-07593, 2015 WL 6956652, at *1 (S.D.W. Va. Oct. 9, 2015) (Granting motion for consolidation after noting that "The plaintiff's Complaint is nearly identical to those filed in the *Hall* and *Hayes* actions."). Because of this commonality, consolidation is warranted under Rule 42(a) of the Federal Rules of Civil Procedure.

II.    The *Arnold* Factors All Support Consolidation

The Fourth Circuit has also given district courts the following guidelines to apply when considering a motion to consolidate actions:

> The critical question for the district court . . . was whether [1] the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

> *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

Here, all four *Arnold* factors favor of consolidation of the Reed Case and Lucas Case, and each factor is discussed in turn.

5

1. <u>Consolidation Poses No Risk Of Prejudice Or Confusion Because Both The Reed Case And Lucas Case Have Identical Factual And Legal Claims</u>

The first consolidation factor identified in *Arnold* is whether specific risks of prejudice and possible confusion are outweighed by the risk of inconsistent adjudications of common factual and legal issues. *Arnold*, 681 F.2d at 193. Consolidation of the Reed Case and Lucas Case poses no specific risk of prejudice or possible confusion because, as outlined above, the two lawsuits are alleging identical legal theories based upon common operative facts. There are no incongruent legal theories that may prejudice the parties during a consolidated trial—both allege the same, single WARN Act violation. No parties' rights would be negatively impacted by consolidation. Importantly, the facts underlying that alleged violation focus on a single, specific event: advance notice to employees of OVMC's closure. Given the factual inquiry is identical in both cases, any potential jury confusion between the two cases is minimized. *See, e.g., Fed. Ins. Co. v. PACCAR, Inc.*, No. 2:15-CV-13508, 2016 WL 1261148, at *2 (S.D.W. Va. Mar. 30, 2016) (Granting motion to consolidate and stating "[n]or is there significant risk of confusion, given that the cases seek to determine the parties' rights and liabilities with respect to a single event"). In fact, confusion is most likely to arise from having *separate* trials, as the same individuals' likely fall within both class definitions and may be confused over joining one or both classes in the identical sounding lawsuits.

Instead, the greater risk is that these claims may suffer from inconsistent adjudication if they continue separately. This inconsistency may arise due to variety of factors including: (a) the different plaintiffs' attorneys in each case; (b) different jurors in each trial who may reach divergent conclusions over the same facts or evidence; (c) the fact that, as the second trial, the Lucas Case may be unfairly benefitted or disadvantaged by the Reed Case's prior trial and adjudication; (d) mandatory mediation may occur before different mediators; and (e) the potential

impact of holding trials during different stages of a national COVID-19 pandemic. Importantly, many of these factors are beyond the parties' control and/or inherent to having two separate trials. Additionally, as each litigation is unique, other currently unknown factors that may cause inconsistency are likely to appear if the cases continue to progress separately. To ensure consistent and fair adjudication of this single WARN Act claim, consolidation of the Reed Case and Lucas Case is necessary.

Everything considered, the minimal risks for prejudice and/or confusion with consolidation are outweighed by the serious risk of inconsistent adjudication in separate trials. Given the common (if not identical) questions of law and fact, the parties face no specific risk of prejudice or confusion if trials are consolidated. Separate trials, however, would expose parties to inconsistent adjudications for a variety of factors, few of which are in the parties' control. Thus, the first *Arnold* factor favors consolidation.

2.    Consolidation Would Relieve The Burden Imposed Upon The Parties, Witnesses, And Judiciary

The second *Arnold* factor looks to the burdens imposed by separate trials. *Arnold*, 681 F.2d at 193. Here, consolidation of the Reed Case and Lucas Case would help ease the burden on parties, witnesses, and the judiciary who, otherwise, must needlessly repeat litigation on identical topics. Because the Lucas Case and Reed Case share nearly identical questions of law and fact, as demonstrated above, they would require the same discovery, document productions, information sharing, witnesses, evidence, depositions, briefings, etc. If the cases remain separate, each witness would testify/be deposed twice, exposing themselves to accidentally inconsistent testimony. Plaintiffs' attorneys would be reproducing work already done by a colleague in the prior case. Defendants would face the greater burden imposed by having to defend themselves in two different litigations against the same allegations—forcing the Defendants to respond to the same written

discovery and document production twice, prepare and present the same deponents twice, oppose certification of the same class twice, draft and argue the same briefings/motions twice, etc.

The Court, however, faces the greatest burden of having to manage and oversee two full lawsuits and trials. In doing so, the Court will have to rule on the same questions in each case (ranging from class certification to dispositive motions) and will  likely consider the same arguments, briefings, and hearings twice to do so. This requires a double investment of time, resources, and manpower. In short, continuing with separate trials will guarantee more work and effort by everyone involved, and much of that work and effort would be needlessly duplicative. *See*, *e.g.*, *Harrison v. Squaretwo Fin. Corp.*, No. CV 2:15-11425, 2015 WL 11121360, at *1 (S.D.W. Va. Dec. 15, 2015) ("Given the similarity between the complaints filed in each action, it appears that handling these matters separately would result in a great deal of duplication of effort for the parties as well as the court.").

Given the inherent repetition involved in separate trials on similar issues, consolidating the Reed Case and Lucas Case would reduce the amount of work required of all involved, use the parties' and the Court's resources most efficiently, and ease the overall burden of litigation. For these reasons, the second *Arnold* factor heavily favors consolidation.

3.  Consolidation Would Resolve Both The Reed Case And Lucas Case More Expeditiously and Efficiently Than If Tried Separately

The third *Arnold* consolidation factor considers the length of time required to conclude multiple suits as opposed to a single one. *Arnold*, 681 F.2d at 193. Here, consolidation will help conclude both cases in a timely fashion. Both the Reed Case and Lucas Case are pled as class actions, which can be time consuming and/or complex cases to litigate and administer (if certification is granted, which Defendants deny is appropriate). This is particularly true in this

instance because, as explained above, the same individuals likely fall into both classes. This may complicate the administration of both class actions, if certified.

Though the Reed Case is technically further along by virtue of having a Scheduling Order, there has only been a manageable amount of written discovery and no major judicial rulings. Several months remain before the original discovery deadline in October 2020. Thus, the Reed Case would not be significantly delayed if consolidated with Lucas Case. In fact, district courts in West Virginia have found cases that are further along in litigation, including those that have completed discovery entirely, are appropriate for consolidation. *See, e.g.*, *Perez v. Figi's Companies, Inc.*, No. 5:15-CV-13559, 2016 WL 7472783, at *3 (S.D.W. Va. Dec. 28, 2016)(Stating "[a]lthough *Perez* is an older case, with discovery now complete, the Court finds that the delay caused by consolidation does not pose a significant burden on any party."). Importantly, the parties in the Reed Case requested a later trial date of August 2021 in their Rule 26(f) Report [attached hereto as Exhibit B] but were assigned the earlier trial date of February 23, 2021 [attached hereto as Exhibit C]. Thus, any perceived "delay" in moving the trial date in the Reed Case will actually bring the trial date within the scope of the parties' original agreement. There will be no prejudice. Finally, the Lucas Case does not have a scheduling order yet, and therefore will face no setback from consolidation.

Overall, consolidation at this early stage in the Reed Case and Lucas Case would prompt a new scheduling order that benefits all parties, allowing plaintiffs to aggregate lawyers and resources prior to major investments of time/money, providing Defendants sufficient time for discovery and defense, and streamlining the Court's docket before major ruling are rendered.

4.    Consolidation Would Avoid Needless Expenses Related To Multiple Trials

The final *Arnold* consolidation factor is to consider whether consolidation avoids needless expenses. *Arnold*, 681 F.2d at 193. This weights heavily in favor of consolidation in this matter. First, if forced to defend itself against the same WARN Act allegation in two separate lawsuits, the Defendants would immediately double its attorneys' fees and litigation costs. This is in addition to the potential for plaintiffs to receive double recovery in damages (if awarded, which Defendants deny is appropriate). Double recovery is a viable concern here, given the nearly identical class definitions and that hundreds of individuals likely fall into *both* classes. Add in that both the Reed Case and Lucas Case seek attorneys' fees and costs, and the Defendants face exponentially high expenses in litigating this WARN Act claim twice.

Second, the plaintiffs in the Reed Case and Lucas Case similarly would avoid needless expense if the two cases were consolidated. There would be no duplication of work, plus the plaintiffs would have the opportunity to pool resources, share expenses, and divide work over a greater number of attorneys. If certification were granted (which Defendants deny is appropriate), there would also be less expense associated with administering and representing a single group of class plaintiffs, rather than two. Overall, all parties to the litigation would avoid redundant expenses from not having to duplicate work.

Finally, the Court would likely avoid needless expenses associated with conducing and administering two separate trials. Duplicate trials would lead to increased expenses of the Court's monetary, manpower, and temporal resources. District courts have acknowledged that when cases involve common witnesses, identical evidence, and similar issues, judicial economy generally favors consolidation. *Swiger*, 2015 WL 6956652, at *1.

In conclusion, consolidation would avoid needless expenses for all involved.

III.    <u>A Stay Pending Ruling On Consolidation Is Appropriate</u>

In the Motion, Defendants also move this Court for the entry of an order staying these proceedings until a ruling on the Motion is rendered. Once the Motion is resolved, the case will proceed according to that ruling. Given the importance and potential impact of the ruling on a motion to consolidate, a stay pending resolution is appropriate.

Importantly, imposing a stay on the Lucas Case while the Motion is pending will serve the same interests as consolidation: conservation of parties' and the Court's time and resources, minimization of redundant work, and avoidance of the risk of inconsistent adjudication. If the cases continue separately while the Motion is pending, the parties and Court will be exposed to these very avoidable issues. Further, as explained above, the Reed Case is slightly ahead of the Lucas Case in terms of litigation, having performed some written discovery. Staying the cases pending resolution of the Motion will ensure that the slight "gap" in litigation stages does not widen.

Given that a stay pending resolution of the Motion serves the same functions and provides the same benefits as consolidation itself, good cause exists for a stay of the Lucas Case while the Motion is pending resolution.

IV.    <u>Conclusion</u>

The Reed Case and the Lucas Case make nearly identical claims for violation of the WARN Act for failure to provide timely notice to employees of OVMC's closure. The Reed Complaint and the Lucas Amended Complaint confirm their significant overlap of claims, legal questions, class allegations, class definitions, and factual allegations. Both cases will involve the same witnesses, evidence, testimony, discovery, documents, and arguments. As a result of their commonality, consolidation of these two classes is warranted under Rule 42(a) of the Federal Rules

of Civil Procedure, particularly as consolidation will preserve the parties' and Court's resources, eliminate duplicative work, minimize risks of inconsistent adjudication, and streamline what will be similar (if not identical) discovery processes. Accordingly, the Motion should be granted and, for similar reasons, the Lucas Case stayed pending resolution of the Motion.

Respectfully submitted,

**ALECTO HEALTHCARE SERVICES LLC and ALECTO HEALTHCARE SERVICES WHEELING LLC**

By Counsel,

**SPILMAN THOMAS & BATTLE, PLLC**

/s/ Kevin L. Carr
Kevin L. Carr (WV Bar # 6872)
Chelsea E. Thompson (WV Bar #12565)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, WV  25301
Telephone: 304.340.3800
Fax: 304.340.3801
Email: kcarr@spilmanlaw.com
Email: cthompson@spilmanlaw.com

Michael S. Garrison (WV Bar # 7161)
48 Donley Street, Suite 800 (Zip: 26501)
P.O. Box 615
Morgantown, WV 06507-0615
Telephone: 304.291.7920
Fax: 304.291.7979
Email: mgarrison@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### AT WHEELING

**CHRISTINA LUCAS and AUGUST
"BOB" ULLUM, II, individually and on
behalf of all other similarly situated,**

                    **Plaintiffs,**

      **v.**                                          **Civil Action No. 5:20-cv-67**
                                                **Judge Bailey**

**ALECTO HEALTHCARE SERVICES LLC, d/b/a
ALECTO HEALTHCARE SERVICES WHEELING
LLC,**

## CERTIFICATE OF SERVICE

      I, Kevin L. Carr, certify that on July 29, 2020, I electronically filed the foregoing "Defendants' Motion to Consolidate Cases and Stay Pending Ruling on Consolidation" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record as follows:

> Aubrey Sparks
> Bren Pomponio
> Mountain State Justice, Inc.
> 1217 Quarrier Street
> Charleston, WV 25301
>
> F. Alex Risovich
> Risovich Law Offices, PLLC
> WV Bar ID# 10866
> 3023 Pennsylvania Avenue
> Weirton, WV 26062

> /s/ Kevin L. Carr
> Kevin L. Carr (WV State Bar # 6872)